**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           Case No. 04-80391

DEWAYNE BOYD,

    Defendant.
                                                 /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR PERMISSION TO ENGAGE IN INTERNATIONAL TRAVEL**

On September 5, 2012, Defendant DeWayne Boyd filed a motion *pro se* for an order for "permission to travel outside the continental United States to fulfill contractual trade business on behalf of Black Star Collaborative Corporation." Included among the other places Defendant seeks to visit is Ghana. The Government has filed a response in opposition to the motion. The court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

On December 15, 2004, a jury found Defendant guilty of multiple offenses. Prior to sentencing, Defendant fled and was later apprehended in Ghana. He was returned and found guilty of the additional crime of failing to appear. On September 26, 2006, Defendant was sentenced to forty-six months imprisonment for the underlying offenses and thirty months for failing to appear, to run consecutively.

A modification of the conditions of supervised release following a sentence of imprisonment is governed generally by 18 U.S.C. § 3583(e)(2) ("The court may . . .

modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure . . . ."). *See United States v. Lowenstein*, 108 F.3d 80, 84–85 (6th Cir. 1997).

The court is informed by the probation department that Defendant has made no restitution payments as ordered by the court, and that he has in fact flatly refused to do so. He has proven himself unworthy of confidence in other ways, most prominently by fleeing the jurisdiction and hiding out in the very place he now seeks to visit. Moreover, Defendant proposes to conduct business on behalf of a business that did not yet exist as of August 1, 2012, the date that Veronica Adams, purportedly the "Director[,] Administrative & Operations Dept." of the "Black Star Collaborative Corporation," signed and hand-dated the letter requesting of the probation department Defendant's permission to travel.[1]

The court is not favorably impressed, and certainly not convinced. Accordingly,

IT IS ORDERED that Defendant's Motion for Permission to Engage in International Travel [Dkt. # 159] is DENIED.

                                            S/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

---

[1] According to the website of the Michigan Department of Licensing and Regulatory Affairs ("LARA"), an entity called "Black Star Global Collaborative Enterprise Corp." was formed on September 10, 2012, listing "Veronica Adams" as Resident Agent at 28 West Adams Street #201, Detroit, MI 48226. The presence of "Veronica Adams" and the identity of the incorporation and mailing address, in addition to the extreme similarity of the entity names and the fact that the incorporators include one "Jeanine Boyd," leaves the court with little doubt that these corporations are the same.

Dated: September 27, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 27, 2012, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522